UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN E. WEBSTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 1762 CDP |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Petitioner Justin E. Webster is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In 2011, Webster was sentenced to twenty years imprisonment following his conviction on one count of first degree assault. The Missouri Court of Appeals afirmed Webster's conviction on direct appeal (Resp. Exh. E). The Circuit Court denied Webster's motion for post-conviction relief, and the Missouri Court of Appeals affirmed the denial. (Resp. Exh. I). Webster now seeks habeas corpus relief under 28 U.S.C. § 2254 on one ground: ineffective assistance of counsel. Webster's claim does not entitle him to habeas corpus relief because the state court's determination that trial counsel exercised reasonable strategy in choosing not to request a lesser included offense instruction is entirely reasonable. Accordingly, I will deny his petition.

**Factual Background**

The events underlying the conviction took place in September of 2009. Webster arrived at a location near the victim's residence to pick up a friend whom he had dropped off earlier that evening in the same location. The victim appeared on the scene where Webster had parked his car to await his friend, and the two men engaged in an altercation. During the course of the fight, Webster claimed the victim pinned him to the ground face-down, and Webster "defended himself by flailing his arms backward" while holding a knife that he regularly carried in his pocket for his job as a roofer. After Webster left the scene, he called 911, and police later arrested him for the assault.

Webster was charged with first degree assault and armed criminal action. Webster's case at trial rested on a self-defense argument. Ultimately, a jury convicted Webster on both counts: first degree assault and armed criminal action. Because of an error in the armed criminal action jury instruction, the trial court immediately set aside the conviction on that count at trial counsel's request. Webster received twenty years in prison for first degree assault.

At the close of trial, the trial court judge questioned Webster as to his satisfaction with counsel's assistance, and Webster indicated he was dissatisfied because counsel did not requested a lesser included offense instruction for second degree assault. Webster had requested counsel to seek a second degree assault

instruction on several occasions, and counsel declined to do so because he did not think it was Webster's best choice for trial strategy. In post-conviction proceedings, counsel testified he had repeatedly attempted to explain his decision to Webster. Counsel declined to seek such an instruction because he did not want to invite the jury to compromise between acquittal and the first degree assault charge; instead, he chose an "all-or-nothing" strategy in the hopes of obtaining the former. Counsel believed the lesser included offense instruction would offer a negligible benefit to Webster. Counsel testified that regardless of whether the jury convicted Webster of first or second degree assault, it still had the option to convict him for the armed criminal action charge, which carried a maximum sentence of life in prison. Because of Webster's prior criminal history, Counsel believed it likely that Webster would receive a lengthy prison sentence under the armed criminal action charge.[1] At that time, counsel also mistakenly believed a conviction for armed criminal action would automatically require Webster to serve 85 percent of any sentence he received. In counsel's estimation, this further decreased any benefit Webster would receive by submitting a second degree assault instruction to the jury.

---

[1] The first degree assault charge also carried a maximum sentence of life in prison, while the second degree assault charge carried a maximum sentence of ten years. Because the armed criminal action remained an option for the jury with either assault charge, counsel believed the possibility of receiving a lengthy sentence remained unchanged even if the jury chose to convict Webster of second degree assault.

The Missouri Court of Appeals affirmed the denial of post-conviction relief and found counsel's all-or-nothing strategy did not depend on this mistaken belief about the law, but instead was reasonable trial strategy. (Resp. Exh I at p. 16). The Court of Appeals further concluded that Webster could not demonstrate any prejudice from counsel's decision because the jury's finding of guilt on the greater charge demonstrated that there was no reasonable probability that the jury would have rendered a verdict on the lesser offense.

Petitioner now seeks relief under 28 U.S.C. § 2254. His sole ground for relief is ineffective assistance of trial counsel. Webster alleges trial counsel erred in failing to request the lesser included offense instruction because the facts presented at trial irrefutably supported a conviction for second degree assault, but not first degree assault. Specifically, Webster believes the evidence showed he acted with recklessness and not intent.

**Standard of Review**

A petitioner is entitled to habeas relief under 28 U.S.C. § 2254(d) only if the state court's adjudication resulted in a decision,

(1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" clearly established federal law if it either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court arrives at a result opposite to one reached by the Supreme Court on materially indistinguishable facts." *Miller v. Dormire*, 310 F.2d 600, 603 (8th Cir. 2002) (internal citations omitted). Factual findings of the state court are entitled to a presumption of correctness, which may only be rebutted by clear and convincing evidence. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## Ineffective Assistance of Counsel

The Sixth Amendment governs a claim for ineffective assistance of counsel. In order to succeed, a petitioner must prove counsel's assistance fell below an "objective standard of reasonableness….under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The examination requires great deference to the decisions made by counsel, and the petitioner must be able to overcome the strong presumption that counsel's actions are "sound trial strategy." *Id.* at 689. Counsel must have "wide latitude…in making tactical decisions." *Id.* The petitioner must also show a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Webster fails to show that the Missouri Court's decision was contrary to federal law or an unreasonable determination of the facts. The Court cited *Strickland* and properly applied it to the facts. Under *Strickland* counsel's conduct meets the objective standard of reasonableness under prevailing professional norms, despite his mistaken belief about the law. The conclusion that the decision to not submit the lesser-included offense instruction and to pursue an all-or-nothing defense was one of reasonable trial strategy is fully supported by federal law. *See Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *Oplinger v. State*, 350 S.W.2d 474 (Mo. Ct. App. 2011). The post-conviction proceeding record below indicates counsel made this decision after considering both the costs and the benefits. Counsel believed Webster gained negligible advantage from submitting the lesser included offense instruction and simultaneously ran the risk of inviting the jury to compromise.

Two additional aspects of Webster's claim bear noting. First, counsel erred in his understanding of the law surrounding sentencing on an armed criminal action charge, but the Missouri Court of Appeals found he did not base his choice of the all-or-nothing strategy on this mistaken belief. Because Webster has provided no evidence to the contrary, counsel's mistake does not affect the finding

that he employed reasonable trial strategy. Second, both Webster and counsel testified in post-conviction proceedings that Webster had asked counsel on several occasions to submit the instruction, including just before and during trial. The Missouri post-conviction court noted this issue and concluded Webster had produced no legal precedent suggesting counsel was legally required to defer to him on matters of trial strategy. Professional norms for criminal defense indicate some decisions "relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel." ABA Def. Function Gen. Standards § 4-5.2(a). "Strategic and tactical decisions" are left to counsel after consultation with the client. *Id*. The choice between inviting the jury to compromise and an all-or-nothing defense qualifies as strategic and tactical decision. *See e.g., Driscoll v. Delo*, 71 F.3d 701, 715 (8th Cir. 1995)(describing the all or nothing strategy under these circumstances is fully supported by the law).

The state court also correctly found that Webster failed to show a reasonable probability that but for counsel's error, the outcome of the trial would have differed. Webster urges that the facts presented at trial demonstrate irrefutable evidence that he acted with recklessness and not intent in committing the assault. Thus, he contends, the jury would have convicted him of second-degree assault if the instruction had been given as requested. The Court of Appeals correctly noted that under *Strickland* the court acted according to law and so must have harbored

no reasonable doubt that Webster acted with the required intent. (Resp. Exh., I at p. 18). The determination of prejudice must include the assumption that the jury was "reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695; *Gianokos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009). Webster has failed to show he was prejudiced by counsel's choice of trial strategy.

Webster has failed to demonstrate that he received ineffective assistance of counsel during his trial. In denying his petition for habeas relief, the Missouri Court of Appeals did not unreasonably apply established federal law nor did it base its decision on an unreasonable determination of the facts in light of the evidence before it. The petition for relief under 28 U.S.C. § 2254(d) is denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, a petitioner may not appeal a lower court's decision under 28 U.S.C. § 2254 to the appellate court unless granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). A Certificate may only be granted if there is a substantial showing of the denial of a federal constitutional right. § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing indicates that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find reasonable jurists could

not differ on Webster's claim, so I will deny a Certificate of Appealability/

Accordingly,

**IT IS HEREBY ORDERED** that Webster's petition for writ of habeas corpus [#1] is denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.